**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4371**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OCTAVIUS FRYAR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:11-cr-00146-H-1)

Submitted:  November 27, 2012      Decided:  December 4, 2012

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Octavius Fryar appeals the district court's judgment finding he violated his conditions of supervised release, revoking his supervised release and sentencing him to twenty-four months in prison. Fryar argues only that his sentence is substantively unreasonable. Finding no error, we affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583(e) (West 2000 & Supp. 2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. See 18 U.S.C.A. § 3583(e); Crudup, 461 F.3d at 439-40. And although the district court need not explain the reasons for imposing a revocation sentence in as much detail as when it

2

imposes an original sentence, it "still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted). We have reviewed the record and have considered the parties' arguments and discern no sentencing error. We therefore conclude that Fryar's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED